**[Cite as *Williams v. Kisling, Nestico & Redick, L.L.C.*, 2025-Ohio-1050.]**

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| | |
|---|---|
| MEMBER WILLIAMS, et al. | C.A. Nos.  31007 |
| | 31008 |
| Appellees/Cross-Appellants | |
| | |
| v. | |
| | APPEAL FROM JUDGMENT |
| KISLING, NESTICO & REDICK, LLC, et al. | ENTERED IN THE |
| | COURT OF COMMON PLEAS |
| | COUNTY OF SUMMIT, OHIO |
| Appellants/Cross-Appellees | CASE No.  CV-2016-09-3928 |

DECISION AND JOURNAL ENTRY

Dated: March 26, 2025

HENSAL, Judge.

**{¶1}** Kisling, Nestico & Redick, LLC, Alberto R. Nestico, and Robert Redick (collectively, "KNR") and Dr. Sam Ghoubrial have appealed an order of the Summit County Court of Common Pleas that certified a class of plaintiffs under Civil Rule 23. Member Williams, Thera Reid, Monique Norris, and Richard Harbour ("the named plaintiffs") have cross-appealed that order. This Court reverses and remands for further proceedings.

I.

**{¶2}** This is the third appeal related to the class-certification proceedings in this case, which has been pending in the trial court for almost nine years. The named plaintiffs alleged claims of fraud, breach of fiduciary duty, unjust enrichment, breach of contract, and violations of the Ohio Corrupt Practices Act and sought the certification of three classes of plaintiffs under Civil Rule 23. On December 17, 2019, not long after the named plaintiffs filed a sixth amended complaint with leave of court, the trial court certified two classes of plaintiffs. Class A consisted

of "KNR clients who paid exorbitantly inflated prices for medical treatment and equipment provided by KNR's 'preferred' healthcare providers pursuant to a price-gouging scheme by which the clients were pressured into waiving insurance benefits that would have otherwise protected them[.]" Class C consisted of "KNR clients who had a bogus 'investigation' fee deducted from their settlements to pay so called 'investigators' whose job was primarily to chase new clients down to sign them up before they could sign with a competing firm." The trial court denied certification of the third proposed class, Class B.

{¶3} KNR and Dr. Ghoubrial appealed the class certification. This Court concluded that the trial court did not abuse its discretion by certifying Class C. *Williams v. Kisling, Nestico & Redick, LLC*, 2022-Ohio-1044, ¶ 43 (9th Dist.) ("*Williams I*"). With respect to Class A, however, we reached a different result. This Court concluded that in certifying Class A, the trial court did not conduct a rigorous analysis with respect to the predominance and superiority requirements of Rule 23. *Id*. at ¶ 32. Noting that "[t]his Court functions as a court of review and we exceed the scope of our authority when we analyze issues in the first instance that have not first been addressed by the trial court," we reversed the trial court's certification of Class A and remanded the matter for the trial court to undertake a rigorous analysis of the matter in the first instance. *Id*. at ¶ 37. In doing so, we noted several specific ways in which the Court's analysis fell short of this standard, but this Court took no position on the resolution of those issues or the ultimate question of whether Class A should be certified. *Id.* at ¶ 32-37.

{¶4} On February 6, 2023, the trial court issued a second decision that certified Class A. In doing so, the trial court noted that this Court had remanded for a rigorous analysis of predominance and superiority with respect to Class A, quoted several paragraphs of this Court's opinion, and summarized the parties' positions at length. With respect to its own analysis,

however, the trial court simply modified the composition of the class and organized the class into three subgroups. KNR and Dr. Ghoubrial appealed again, arguing that the trial court disregarded this Court's mandate by failing to undertake a rigorous analysis of predominance and superiority. This Court agreed. *Williams v. Kisling Nestico & Redick, LLC*, 2023-Ohio-4510, ¶ 10 (9th Dist.) ("*Williams II*"). We also noted that, with respect to the subclasses identified by the trial court, Rule 23 required the trial court to "address any potential issues regarding class representation, such as ascertainability and class membership . . . ." *Id*. at ¶ 11. This Court reversed again, remanding the matter "for the trial court to perform a rigorous analysis of the class certification requirements." *Id*. at ¶ 12. As in *Williams I*, we took no position on the ultimate question of whether certification of Class A was appropriate.

{¶5} Less than a month after this Court' decision in *Williams II*, the trial court issued another order certifying Class A. The trial court recognized that "[t]he Court of Appeals held that this Court failed to conduct a 'rigorous analysis' of the requirements of Civ.R. 23(B) specifically, the predominance and superiority requirements of the Rule." The trial court summarized the holding of an Ohio Supreme Court case, then concluded:

> In this matter, this Court will certify as Class A only those patients and clients of the defendants who were alleged victims of the price gouging scheme who did not receive a reduction of their medical bills or fees and were told not to use their health insurance carriers to avoid scrutiny of these charges and fees. These charges by Ghoubrial were for trigger point injections, TENS units and back braces.
>
> The fact that some of the patients and clients received more of the procedures or devices than others should not prevent them being in the same class in this lawsuit.

Having reached this conclusion, the trial court summarized the holding of another case, noted that the plaintiffs would have to prove that the price of medical devices would not have been covered by medical insurance, and observed that "it seems unlikely" that any plaintiffs would pursue individual litigation. KNR, Dr. Ghoubrial, and the named plaintiffs appealed.

II.

## KNR'S ASSIGNMENT OF ERROR I

THE TRIAL COURT ABUSED ITS DISCRETION IN RECERTIFYING CLASS A WITHOUT CONDUCTING THE RIGOROUS ANALYSIS REQUIRED BY CIV.R. 23 AS MANDATED BY THIS COURT IN WILLIAMS I AND WILLIAMS II.

## DR. GHOUBRIAL'S ASSIGNMENT OF ERROR I

THE TRIAL COURT ERRED IN FAILING TO UNDERTAKE A RIGOROUS ANALYSIS OF APPELLEES' CLASS-CERTIFICATION THEORY, DESPITE THIS COURT'S SPECIFIC ORDER ON REMAND PURSUANT TO CIV.R. 23.

## THE NAMED PLAINTIFFS' CROSS-ASSIGNMENT OF ERROR I

THE TRIAL COURT ERRED BY EXCLUDING FROM CLASS A (THE "PRICE-GOUGING CLASS") ANY ALLEGED VICTIMS WHO RECEIVED SO-CALL "DISCOUNTS" OF THEIR FRAUDULENTLY INFLATED MEDICAL BILLS [AND/OR] THOSE ALLEGED VICTIMS WHO WERE TOLD NOT TO USE AVAILABLE HEALTH INSURANCE FOR DR. GHOUBRIAL'S MEDICAL SERVICES.

{¶6} In their first assignments of error, KNR, Dr. Ghoubrial, and the named plaintiffs each argue, in part, that the trial court erred by certifying Class A without conducting the rigorous analysis required by Rule 23 and mandated by this Court's decision in *Williams II*. This Court agrees.

{¶7} The doctrine of the law of the case limits the ability of a trial court to rule in a way that is inconsistent with a decision of a reviewing court in the same case, and "the decision of a reviewing court in a case remains the law of that case on the legal questions involved for all subsequent proceedings in the case at both the trial and reviewing levels." (Citations omitted.) *Nolan v. Nolan*, 11 Ohio St.3d 1, 3 (1984). The doctrine "functions to compel trial courts to follow the mandates of reviewing courts" so that trial courts are without authority to extend or vary from a mandate given by a superior court. *Id*. at 3. "Absent extraordinary circumstances, such as an intervening decision by the Supreme Court, an inferior court has no discretion to disregard the

mandate of a superior court in a prior appeal in the same case." *Id*. at syllabus. Consequently, it is reversible error for a trial court to fail to perform a task ordered on remand. *State ex rel. AWMS Water Solutions, L.L.C. v. Mertz*, 2024-Ohio-200, ¶ 20.

{¶8} In *Williams I*, this Court held that "[a] careful review of the trial court's journal entry in this matter reveals that it failed to conduct a rigorous analysis with respect to the predominance and superiority requirements as to Class A. Accordingly, this matter must be remanded for the trial court to conduct that analysis in the first instance." *Williams I*, 2022-Ohio-1044, at ¶ 32 (9th Dist.). The trial court did not do so. Consequently, in *Williams II¸* this Court emphasized that "the trial court must perform a rigorous analysis of the requirements of Civ.R. 23(B)." *Williams II*, 2023-Ohio-4510, at ¶ 11 (9th Dist.). We remanded the matter to the trial court with that specific mandate. *Id*. at ¶ 12. The trial court changed its decision by reframing the definition of the class and eliminating subclasses, but it did not perform the rigorous analysis that was mandated by both *Williams I* and *Williams II*. This is reversible error. *See Mertz* at ¶ 20.

{¶9} Accordingly, KNR's and Dr. Ghoubrial's first assignments of error and the named plaintiffs' first cross-assignment of error are sustained to the extent they argue that the trial court erred by disregarding this Court's mandate and failing to conduct the rigorous analysis required by Rule 23. To the extent that those assignments of error argue that this Court's previous decisions mandate specific outcomes with respect to the rigorous analysis, however, they are overruled. Any remaining arguments made in these assignments of error are premature.

**KNR'S ASSIGNMENT OF ERROR II**

THE TRIAL COURT ABUSED ITS DISCRETION IN RECERTIFYING CLASS A WITH RESPECT TO THE KNR DEFENDANTS BECAUSE, UNDER ANY THEORY OF LIABILITY, KNR'S RESPONSIBILITY FOR THE CHARGES OF DR. GHOUBRIAL CANNOT BE DETERMINED BY EVIDENCE COMMON TO ALL CLASS MEMBERS IN A SINGLE ADJUDICATION.

**KNR'S ASSIGNMENT OF ERROR III**

THE TRIAL COURT ABUSED ITS DISCRETION IN FAILING TO COMPLY
WITH THE LAW OF THE CASE AND THE APPELLATE MANDATE RULE.

**DR. GHOUBRIAL'S ASSIGNMENT OF ERROR II**

THE TRIAL COURT ERRED IN CERTIFYING CLASS A ("THE PRICE-
GOUGING CLASS") ON CLAIMS ONE (FRAUD), THREE (UNJUST
ENRICHMENT), AND FOUR (UNCONSCIONABLE CONTRACT) OF THE
SIXTH AMENDED COMPLAINT.

{¶10} KNR's and Dr. Ghoubrial's second assignments of error challenge the merits of the trial court's decision to certify Class A. In addition, KNR's third assignment of error argues that this Court should not remand this matter to the trial court in the event that we conclude that the trial court failed to comply with our mandate. Instead, KNR urges this Court to consider the merits of the class certification in the first instance.

{¶11} As we observed in *Williams I*, "[t]his Court functions as a court of review and we exceed the scope of our authority when we analyze issues in the first instance that have not first been addressed by the trial court." *Williams I*, 2022-Ohio-1044, at ¶ 37 (9th Dist.). KNR, however, urges this Court to reverse the certification of Class A with instructions for the trial court to consider the merits of the individual claims, citing *Gene & Gene, L.L.C. v. BioPay, L.L.C.*, 624 F.3d 698 (5th Cir. 2010). In that case, the Fifth Circuit Court of Appeals determined the merits of the class-certification question in a first interlocutory appeal. *Id*. at 703, quoting *Gene & Gene, L.L.C. v. BioPay, L.L.C.*, 541 F.3d 318, 329 (5th Cir. 2008) ("When this court reversed, we held that 'the determinative question of whether consent can be established via class-wide proof must, given the particular facts of this case, be answered in the negative.'"). In the first appeal, the Fifth Circuit remanded the matter "for a merits determination and disposition of [the] individual claim." *Id*. at 704. In contrast, this Court's decisions in *Williams I* and *Williams II* did not reverse the class

certification on its merits but because the trial court had not engaged in the rigorous analysis required by Rule 23. *Williams I* at ¶ 32 (9th Dist.); *Williams II*, 2023-Ohio-4510, at ¶ 11 (9th Dist.). In both cases, this Court took no position on the question of whether Class A should ultimately be certified. *See Williams I* at ¶ 37; *Williams II* at ¶ 12.

{¶12} Because this Court cannot address the merits of the class certification in the first instance, KNR's and Dr. Ghoubrial's second assignments of error are premature. KNR's third assignment of error is overruled.

### THE NAMED PLAINTIFFS' CROSS-ASSIGNMENT OF ERROR II

THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT ISSUED A RULING ON THE CLASS-CERTIFICATION ISSUE WITHOUT FIRST COMPLETING AN *IN CAMERA* REVIEW OF [A] DEPOSITION TRANSCRIPT SHOWING THAT DEFENDANTS TRADED KICKBACKS TO CONCEAL THEIR PRICE-GOUGING SCHEME.

{¶13} In their second assignment of error, which was filed under seal, the named plaintiffs argue that the trial court erred by failing to complete an in camera review of a deposition transcript from unrelated proceedings before certifying the class. In light of this Court's resolution of the parties' other assignments of error, this cross-assignment of error is premature.

### III.

{¶14} KNR'S and Dr. Ghoubrial's first assignments of error and the named plaintiffs' first cross-assignment of error are sustained to the extent that they have argued that the trial court failed to comply with this Court's mandate by conducting the rigorous analysis required by Rule 23. To the extent that KNR'S and Dr. Ghoubrial's first assignments of error and the named plaintiffs' first cross-assignment of error argue that this Court's previous opinions mandate specific outcomes with respect to the rigorous analysis required by Rule 23, those assignments of error are overruled. The remaining arguments in those assignments of error are premature. KNR's

and Dr. Ghoubrial's second assignments of error and the named plaintiffs' second cross-assignment of error are premature. KNR's third assignment of error is overruled. The judgment of the Summit County Court of Common Pleas is reversed because the trial court has not conducted the rigorous analysis required by Rule 23, and this matter is remanded to the trial court for that purpose. This Court takes no position on whether certification of Class A is ultimately appropriate.

Judgment reversed,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

No costs to be taxed.

JENNIFER HENSAL
FOR THE COURT

CARR, P. J.
SUTTON, J.
CONCUR.

APPEARANCES:

JAMES M. POPSON, Attorney at Law, for Appellants/Cross-Appellees.

THOMAS P. MANNION, Attorney at Law, for Appellants/Cross-Appellees.

R. ERIC KENNEDY and DANIEL P. GOETZ, Attorneys at Law, for Appellants/Cross-Appellees.

PETER PATTAKOS, ZORAN BALAC, and GREGORY GIPSON, Attorneys at Law, for Appellees/Cross-Appellants.

BRADLEY J. BERMAN, Attorney at Law, for Appellant/Cross-Appellee.