[Cite as *R.N. v. E.B.*, 2026-Ohio-725.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

R.N.

      Appellant/Cross-Appellee

v.

E.B.

      Appellee/Cross-Appellant

C.A. No.     31378

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    DR-2019-01-0077

DECISION AND JOURNAL ENTRY

Dated: March 4, 2026

FLAGG LANZINGER, Judge.

{¶1} R.N. ("Husband") appeals from the judgment of the Summit County Court of Common Pleas, Domestic Relations Division. E.B. ("Wife") cross-appeals from the same judgment. For the following reasons, this Court affirms in part, reverses in part, and remands the matter for further proceedings.

I.

{¶2} This appeal and cross-appeal are before this Court after we previously reversed the trial court's decision and remanded the matter for further proceedings in *E.B. v. R.N.*, 2024-Ohio-1455 (9th Dist.) (the "First Appeal"). This Court will begin with a recitation of the facts and procedural history relevant to this appeal.

{¶3} The underlying matter involves the disposition of 14 frozen embryos Husband and Wife created with their genetic material during their marriage. *E.B.* at ¶ 2. After less than three years of marriage, Husband filed for divorce in 2019. *Id.* at ¶ 3. The parties reached an agreement

on all matters in the divorce proceedings except the disposition of the frozen embryos. *Id.* at ¶ 4. As this Court previously explained, "Wife wanted the frozen embryos awarded to her so that she could use them to become pregnant and Husband was adamant that he wanted to be disentangled from Wife and wanted the frozen embryos to be donated to another couple to be used to achieve a pregnancy." *Id.* at ¶ 5.

{¶4} The trial court ultimately concluded that the frozen embryos were marital property subject to distribution. *Id.* at ¶ 5. Despite concluding that the frozen embryos were marital property, the trial court then circumvented the principles of property division and ordered the parties to give the frozen embryos to the fertility clinic for donation to another couple—who lacked any ownership interest in them—to use to achieve a pregnancy. *Id.*; *id.* at ¶ 28 (Flagg Lanzinger, J., concurring).

{¶5} Wife appealed the trial court's judgment. *Id.* at ¶ 7. Wife argued, in part, that the trial court erred by categorizing the embryos as marital property and not balancing the interests of the parties. *Id.* at ¶ 7. In sustaining Wife's assignment of error, this Court explained that frozen embryos are not marital property subject to a distribution in a divorce proceeding, but rather "life in one of its earliest stages of development . . . ." *Id.* at ¶ 10. We noted "the express public policy of the State of Ohio, which is to prefer the preservation and continuation of life whenever constitutionally permissible." *Id.* at ¶ 11. This Court explained that "until there is statutory guidance to further direct this Court, we determine that these matters should each be considered upon their unique facts taking into account the fact that the frozen embryos are not property . . . ." *Id.* at ¶ 15.

{¶6} After reviewing the circumstances of the case and the parties' respective positions on the matter, we "determine[d] Wife should have the opportunity to utilize the frozen embryos to

attempt to achieve pregnancy[,]" and that "[t]his result honor[ed] the parties' wishes that the frozen embryos be used to achieve a pregnancy." *Id.* at ¶ 20. Consequently, this Court held that the trial court abused its discretion in concluding otherwise. *Id.* at ¶ 21. This Court further held:

> because Wife's chances of successfully achieving pregnancy with those frozen embryos will only decrease with the passage of time given her advancing age, we conclude it is not in the interests of justice to delay the matter longer by first remanding the matter to the trial court for it reconsider the whole issue. Nonetheless, Husband should still have a say in what role, if any, he will play in the child's life should Wife's pregnancy be successful. Wife expressed during the hearing that she would abide by Husband's wishes.

*Id.* at ¶ 21. This Court explained that Husband's "wishes are largely rooted in wanting to both be disentangled from Wife and having no knowledge of what ultimately becomes of the frozen embryos, and therefore no responsibility or guilt associated with that decision." *Id.* at ¶ 18. This Court directed that, "[u]pon remand, Husband should be given the opportunity to set forth those wishes with respect to the potential offspring, and those wishes should be incorporated into the amended decree." *Id.* at ¶ 21. In conclusion, this Court held that "[t]he order of this Court is that Wife is entitled to the use of all fourteen of the embryos for implantation if she so chooses." *Id.* at ¶ 23.

{¶7} On remand, the parties filed briefs containing proposed amendments to the divorce decree in light of this Court's decision in the First Appeal. Husband proposed that the trial court incorporate the following into an amended divorce decree, which he asserted was consistent with this Court's remand instructions:

> 1. [Wife] shall be permitted to utilize the embryos issued in this matter for implantation in herself only. [Wife] shall provide this order to the fertility clinic, permitting her to only implant the embryos in herself. The embryos shall not be used for any other purpose.

> 2. If a child is born due to the implantation of the embryos issued in this matter, the following shall apply:

a. [Wife] shall not disclose [Husband's] identity to the child at any time.

b. [Wife] shall not contact [Husband] for any reason or at any time.

c. [Wife] shall not place [Husband's] name on any forms, birth certificates, or disclose [Husband] to any individual or entity as the biological father.

d. [Husband] shall have no parental rights regarding any child born from the embryos.

e. [Husband] shall have no financial responsibility for the child, including child support, payment of medical expenses, health insurance, or any other financial responsibility regarding a child born from the embryos.

f. [Husband] shall be treated as an anonymous donor with no legal rights or responsibilities associated with a child born from the embryos.

3. Any child born from the embryos shall have no statutory rights or common (sic.) rights to any benefits related to financial support, inheritance or any other rights granted under the laws of Ohio or any other state relating to [Husband].

4. [Wife] shall represent to any child born from the embryos or any other individual that the children were conceived by way of an anonymous donor.

{¶8} In response, Wife argued that this Court's decision in the First Appeal did not restrict her use of the embryos to implantation in herself only. Wife argued that this Court's decision gave her complete discretion regarding the use of the embryos to achieve pregnancy, including the use of a surrogate, if medically necessary. Wife otherwise agreed with Husband's proposed amendments to the divorce decree.

{¶9} The trial court issued an order titled "Proposed Amended Decree Regarding Embryos Only[.]" In its order, the trial court concluded that Wife could use the embryos for implantation in herself only. The trial court reasoned that this Court's decision in the First Appeal focused on Wife using the embryos to achieve pregnancy herself and did not indicate that Wife was permitted to use the embryos to achieve pregnancy through surrogacy.

{¶10}   Regarding Husband's wishes, the trial court concluded that "[w]ishes a, b, c, d and I [referred to as "a," "b," "d," and "4" in Husband's brief on remand][1] appear lawful and therefor[e] enforceable."   Regarding "h" (referred to as "3" in Husband's brief on remand), the trial court determined that it had no jurisdiction over inheritance.  The trial court then determined that the remainder of Husband's wishes were contrary to law and unenforceable.  The trial court concluded that, "[b]y setting forth [Husband's] wishes above, the parties shall not conclude that they are orders of this Court, but simply [Husband's] wishes."

{¶11}   Husband has appealed the trial court's order, and Wife has cross-appealed.  This Court will consider Wife's cross-appeal first, followed by Husband's appeal.

## WIFE'S ASSIGNMENT OF ERROR

**THE TRIAL COURT ABUSED ITS DISCRETION BY IMPOSING RESTRICTIONS ON THE WIFE'S USE OF THE 14 FROZEN EMBRYOS THAT VIOLATE THIS COURT'S REMAND INSTRUCTIONS IN [THE FIRST APPEAL].**

{¶12}   In her assignment of error, Wife argues that the trial court abused its discretion when it imposed restrictions on her use of the frozen embryos that violated this Court's remand instructions from the First Appeal.  For the following reasons, this Court sustains Wife's assignment of error.

{¶13}   "The doctrine of the law of the case limits the ability of a trial court to rule in a way that is inconsistent with a decision of a reviewing court in the same case . . . ." *Williams v. Kisling, Nestico & Redick, LLC*, 2025-Ohio-1050, ¶ 7 (9th Dist.).  As the Ohio Supreme Court has explained, "the doctrine provides that the decision of a reviewing court in a case remains the law of that case on the legal questions involved for all subsequent proceedings in the case at both the

---

[1] Wish "c" in the trial court's order stated: "[Husband] shall not contact [Wife] for any reason at any time[.]"

trial and reviewing levels." *Nolan v. Nolan*, 11 Ohio St.3d 1, 3 (1984). "The doctrine 'functions to compel trial courts to follow the mandates of reviewing courts' so that trial courts are without authority to extend or vary from a mandate given by a superior court." *Williams* at ¶ 7, quoting *Nolan* at 3. "Absent extraordinary circumstances, such as an intervening decision by the Supreme Court, an inferior court has no discretion to disregard the mandate of a superior court in a prior appeal in the same case." *Nolan* at syllabus. "Consequently, it is reversible error for a trial court to fail to perform a task ordered on remand." *Williams* at ¶ 7, citing *State ex rel. AWMS Water Solutions, L.L.C. v. Mertz*, 2024-Ohio-200, ¶ 20.

{¶14} In the First Appeal, this Court determined that "Wife should have the opportunity to utilize the frozen embryos to attempt to achieve pregnancy[,]" and ordered that "Wife is entitled to the use of all fourteen of the embryos for implantation if she so chooses." *E.B.*, 2024-Ohio-1455, at ¶ 20, 23. (9th Dist.). On remand, the trial court concluded that this Court "granted all the embryos to [Wife] for the *sole purpose* of implantation in herself to achieve pregnancy." (Emphasis added.) The trial court reasoned that this Court's decision focused on Wife's use of the embryos for implantation in herself to achieve pregnancy, and did not address Wife's use of the embryos in a surrogate if Wife was unable to become pregnant herself.

{¶15} Despite the trial court's conclusions, nothing in this Court's decision in the First Appeal restricted Wife's use of the embryos to implantation in herself only. This Court focused on the nature of frozen embryos as "life in one of its earliest stages of development[,]" and the public policy of the State of Ohio "to prefer the preservation and continuation of life whenever constitutionally permissible." *Id.* at ¶ 10, 11. This Court also focused on the parties' wishes, which was for the frozen embryos to be used to achieve pregnancy. *Id.* at ¶ 16. This Court

concluded that awarding the frozen embryos to Wife "to achieve pregnancy . . . honor[ed] the parties' wishes that the frozen embryos be used to achieve a pregnancy." *Id.* at ¶ 20.

{¶16} Although this Court's decision discussed Wife's desire to use the frozen embryos for implantation in herself, it did not restrict Wife from using a surrogate to achieve pregnancy. When this Court remanded the matter to the trial court, it sustained Wife's assignment of error and remanded the matter only for Husband to set forth his wishes with respect to the potential offspring and have the wishes incorporated into the decree. *See E.B.*, 2024-Ohio-1455, at ¶ 21-22 (9th Dist.). On remand, the trial court was limited to implementing what this Court ordered. *See Williams*, 2025-Ohio-1050, at ¶ 7 (9th Dist.). The trial court exceeded its authority in addressing the issue of surrogacy. *See id.* Thus, the trial court's conclusion in this regard varied from this Court's mandate. *See id.*, citing *Nolan*, 11 Ohio St.3d at 3 ("trial courts are without authority to extend or vary from a mandate given by a superior court."). Consequently, the trial court committed reversible error. *See Williams* at ¶ 7. Wife's assignment of error is sustained.

### HUSBAND'S ASSIGNMENT OF ERROR I

**THE TRIAL COURT COMMITTED AN ERROR BY FAILING TO ISSUE A FINAL, APPEALABLE ORDER.**

{¶17} In his first assignment of error, Husband argues that the trial court erred by failing to issue a final, appealable order. Specifically, Husband asserts that the trial court failed to issue a final, appealable order because it: (1) labeled its order a "proposed" amended decree; and (2) failed to adopt Husband's wishes as an order of the court. For the following reasons, this Court overrules Husband's first assignment of error.

{¶18} As this Court has stated:

"The Ohio Constitution limits an appellate court's jurisdiction to the review of final judgments of lower courts." . . . "Accordingly, this Court has jurisdiction to review

only final and appealable orders." . . . "A divorce decree, which leaves issues unresolved, is not a final order."

*Poulos v. Poulos*, 2024-Ohio-1769, ¶ 5 (9th Dist.).

{¶19} Husband's argument that the trial court failed to issue a final, appealable order because it labeled its order a "proposed" amended decree lacks merit. Courts have explained that "[t]he mislabeling of the order does not void its otherwise finality . . . ." *State v. Shamaly*, 2007-Ohio-3409, ¶ 8 (8th Dist.); *State v. Yeaples*, 2009-Ohio-184, ¶ 15 (3d Dist.) (same); *Gauthier v. Gauthier*, 2019-Ohio-4208, ¶ 72 (12th Dist.) (same). Husband asserts that it "can be assumed" that the trial court's mislabeling of the amended decree "occurred as an unintended error." Wife agrees, characterizing the trial court's use of the word "proposed" as an "inadvertent mistake[.]" Thus, the parties agree that the trial court inadvertently mislabeled its order a "proposed" amended decree. This mislabeling did not affect the finality of the trial court's judgment. *Shamaly* at ¶ 8. Nonetheless, Husband requests that this Court remand the matter to allow the trial court to "rectify the mislabeling of the entry." While Husband's argument as to the finality of the trial court's order in this regard lacks merit, this Court remands the matter with instructions for the trial court to correct the labeling of the amended decree.

{¶20} Husband's argument that the trial court failed to issue a final, appealable order because it failed to adopt Husband's wishes as an order of the court also lacks merit. Husband cites this Court's decision *Crandall v. Crandall* for the proposition that, if a trial court's judgment entry leaves issues unresolved or is otherwise indefinite, then it does not constitute a final, appealable order. 2021-Ohio-3276, ¶ 4 (9th Dist.). Despite citing this case law, Husband does not explain how the trial court's order in this case left issues unresolved or was otherwise indefinite. Instead, Husband summarily concludes that the "trial court failed to provide finality in this matter based upon the trial court's refusal to incorporate [his] wishes as a final order." The trial court's

"refusal" to incorporate Husband's wishes into its order relates to the merits of the trial court's decision, not its finality. Thus, Husband's argument lacks merit.

{¶21} For the foregoing reasons, Husband's first assignment of error is overruled.

## HUSBAND'S ASSIGNMENT OF ERROR II

**THE TRIAL COURT COMMITTED AN ERROR BY FAILING TO FOLLOW THE SPECIFIC REMAND INSTRUCTIONS OF THIS COURT AND FAILING TO MAKE THE WISHES OF HUSBAND AS AN ORDER OF THIS COURT.**

{¶22} In his second assignment of error, Husband argues that the trial court erred by failing to follow this Court's remand instructions from the First Appeal. For the following reasons, this Court overrules Husband's second assignment of error.

{¶23} The law set forth in this Court's resolution of Wife's assignment of error regarding a trial court's authority on remand applies to this assignment of error. Briefly, we reiterate "that trial courts are without authority to extend or vary from a mandate given by a superior court." *Williams*, 2025-Ohio-1050, at ¶ 7 (9th Dist.), citing *Nolan*, 11 Ohio St.3d at 3. "Consequently, it is reversible error for a trial court to fail to perform a task ordered on remand." *Williams* at ¶ 7, citing *Mertz*, 2024-Ohio-200, at ¶ 20.

{¶24} As explained above, this Court's remand instructions from the First Appeal directed that, "[u]pon remand, Husband should be given the opportunity to set forth [his] wishes with respect to the potential offspring, and those wishes should be incorporated into the amended decree." *E.B.*, 2024-Ohio-1455, at ¶ 21 (9th Dist.). In doing so, this Court noted that "Wife expressed during the hearing that she would abide by Husband's wishes." *Id.*

{¶25} On remand, the parties filed briefs regarding the disposition of the frozen embryos with the trial court. Wife agreed with the wishes Husband set forth in his brief, except with his wish that Wife's use of the frozen embryos be limited to implantation in herself only. The trial

court then issued an order wherein it determined that some of Husband's wishes were lawful and legally enforceable, but others were not. In reaching this conclusion, the trial court reasoned that it "assume[d] that the Appellate Court at all times intended that the wishes of Husband to be enforced by [the trial court] would be lawful and enforceable."

{¶26} On appeal, Husband does not challenge the trial court's determination that some of his wishes were contrary to law and unenforceable. Instead, he simply argues that the trial court violated this Court's remand instructions by not incorporating all of his of his wishes into the amended decree as an order of the court.

{¶27} Husband's argument lacks merit. While it is true that a trial court has no discretion to disregard the mandate of a superior court, the trial court in this case did not disregard our remand instructions. *See Nolan*, 11 Ohio St.3d at syllabus. Consistent with this Court's remand instructions, the trial court allowed Husband to submit a brief wherein he expressed his wishes with respect to the potential offspring. *See E.B.*, 2024-Ohio-1455, at ¶ 21 (9th Dist.). Nothing in this Court's opinion required the trial court to make those wishes an order of the trial court. The trial court then determined that some of Husband's wishes were legally enforceable, and incorporated them into the amended decree. The trial court's actions were consistent with this Court's mandate, which did not require the trial court to incorporate all of Husband's wishes into an amended decree, regardless of their legality or enforceability. As noted, Husband has not challenged the trial court's determination that some of his wishes were contrary to law and unenforceable. Thus, this Court cannot say Husband has established that the trial court erred by not incorporating all of his wishes into the amended decree. *See State v. Mastice*, 2007-Ohio-4107, ¶ 7 (9th Dist.) ("An appellant has the burden of demonstrating error on appeal.").

{¶28}  To the extent Husband argues that the trial court erred by indicating: "[b]y setting forth [Husband's] wishes above, the parties shall not conclude that they are orders of this Court, but simply [Husband's] wishes[,]" his argument lacks merit.  The trial court began its order by stating: "it is hereby ORDERED by the Court that the Judgment Entry, Decree of Divorce previously entered . . . be amended and superseded that portion of the decree that addresses the embryos" as follows.  The trial court then determined, in part, that some of Husband's wishes regarding the frozen embryos were lawful and enforceable.  The trial court concluded its order with "IT IS SO ORDERED."  Thus, regardless of the trial court's language indicating it was simply setting forth Husband's wishes, the trial court's order incorporated some of Husband's wishes into the amended decree, which was consistent with this Court's remand instructions.  *See E.B.* at ¶ 21.  Husband's argument, therefore, lacks merit.

{¶29}  In light of the foregoing, Husband's second assignment of error is overruled.

III.

{¶30}  Husband's assignments of error are overruled.  Wife's assignment of error is sustained.  The judgment of the Summit County Court of Common Pleas, Domestic Relations Division, is affirmed in part, reversed in part, and the cause is remanded for further proceedings consistent with this decision.

Judgment affirmed in part,
reversed in part,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed equally to both parties.

JILL FLAGG LANZINGER
FOR THE COURT

CARR, P. J.
CONCURRING IN JUDGMENT ONLY.

{¶31} I agree that the trial court's judgment should be affirmed in part and reversed in part. However, my analysis of the issues varies from that of the lead opinion.

{¶32} This Court only remanded the matter for Husband to set forth his wishes with respect to the potential offspring and for those wishes to be incorporated into the amended decree. *See E.B. v. R.N.*, 2024-Ohio-1455, ¶ 21-22 (9th Dist.). The trial court lacked the authority to do anything aside from implement what this Court ordered. *See Williams v. Kisling, Nestico & Redick, LLC*, 2025-Ohio-1050, ¶ 7 (9th Dist.). Given the foregoing, the trial court exceeded its authority in addressing the issue of surrogacy, and I would reverse on this basis alone. *See id.*

**{¶33}** Finally, with respect to Husband's appeal, I would overrule the Husband's second assignment of error on the basis that this Court's prior appeal allowed Husband to set forth his wishes and the trial court was to incorporate those wishes into the amended decree. *E.B.*, 2024-Ohio-1455, at ¶ 21. Nothing in this Court's opinion required the trial court to make those wishes an order of the trial court. Thus, Husband failed to demonstrate the trial court erred.

HENSAL, J.
<u>CONCURRING IN JUDGMENT ONLY IN PART, AND DISSENTING IN PART.</u>

**{¶34}** The trial court's judgment is consistent with the lead opinion in *E.B. v. R.N.*, 2024-Ohio-1455 (9th Dist.). I agree that the trial court's judgment is a final appealable order. I would also overrule the remaining assignments of error asserted in the appeal and the cross-appeal and affirm.

<u>APPEARANCES:</u>

ADAM MORRIS, Attorney at Law, for Appellant/Cross-Appellee.

ERIC ZAGRANS, Attorney at Law, for Appellee/Cross-Appellant.